﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 201208-138746
DATE: March 31, 2021

ORDER

Entitlement to service connection for obstructive sleep apnea (OSA) is granted.

FINDING OF FACT

The evidence is at least evenly balanced as to whether the Veteran’s OSA is related to the Veteran’s period of valid, honorable service.

CONCLUSION OF LAW

The criteria for service connection for OSA have been met. 38 U.S.C. §§1110, 5107; 38 C.F.R. §§3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from May 2007 to May 2011, with additional service from May 2011 to March 2015 that is other than honorable for VA purposes.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from an August 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) which reopened, but confirmed and continued a previous denial of service connection for OSA.

In December 2020, the Veteran filed a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), requesting Direct Review, and indicating that he would not submit additional evidence in support of his appeal. In a March 2021 letter, the Board, finding good cause to do so, granted the Veteran’s request to extend the time period to file his VA form 10182. Accordingly, pursuant to 38 C.F.R. § 20.202(b)(1), the Board will only consider the evidence of record as of the date of the September 17, 2019 rating decision notification letter. 

Additional evidence, specifically VA treatment records, and a VA medical examination and opinion were received in April 2020, and June 2020, respectively, after issuance of the rating decision on appeal. In cases such as this one in which direct review by the Board was selected, the evidentiary record before the Board is limited to the evidence of record at the time of the agency of original jurisdiction’s (AOJ’s) decision on the issue or issues on appeal. 38 U.S.C. § 7113(a); 38 C.F.R. § 20.301. The VA medical examination and opinion are inherently evidentiary in nature and employed to provide competent evidence in support of the Veteran’s arguments. Harvey v. Shulkin, 30 Vet. App. 10, 15-16 (2018) (explaining whether a specific submission is a medical opinion is to be undertaken individually and factors for consideration). Consequently, the Board cannot consider this evidence. The Veteran may, however, at any time, file a supplemental claim with the AOJ after receiving this decision and the additional evidence will be considered in connection with the supplemental claim. 38 U.S.C. §§ 5104C(a)(1)(B), (b); 5108; 38 C.F.R. §§ 3.2501, 20.1105(a). If filed within one year, this supplemental claim will preserve the date of the claim denied herein as the effective date of the grant of the benefit or benefits sought. 38 U.S.C. § 5110(2)(B); 38 C.F.R. § 3.2500(h). However, as the Board is granting the claim, there is no prejudice to the Veteran in not considering this evidence.

As a preliminary matter, the Board notes that in order to receive VA benefits, a payee must be a “veteran,” which is defined, in part, as “a person who served in the active military, naval, or air service and who was discharged or released under conditions other than dishonorable.” 38 U.S.C. § 101(2); see 38 C.F.R. § 3.1(d). Thus, a discharge or release from active service under conditions other than dishonorable is a prerequisite to entitlement to VA pension or compensation benefits. 38 U.S.C. § 101(18); 38 C.F.R. § 3.12(a).

A discharge under dishonorable conditions bars the payment of benefits unless the person was insane at the time of committing the offense. 38 U.S.C. § 5303(b); 38 C.F.R. § 3.12(b).

The Veteran’s DD-214 shows discharge under other than honorable conditions for the period ending March 2015. The separation authority was AR 635-200, paragraph 14-12C; and the narrative reason for separation was misconduct (serious offense).

In a December 2016 administrative decision, the RO determined that the Veteran’s service from May 09, 2011 to March 16, 2015 was under other than honorable conditions and could not serve as a basis for VA benefits under 38 C.F.R. § 3.12(d)(3). The administrative decision reflected that the evidence did not suggest that the Veteran was insane at the time that the offenses that led to the undesirable discharge were committed.

The Veteran was appropriately notified about the administrative decision and in July 2017, filed a notice of disagreement as to the character of discharge finding, was issued a statement of the case in December 2017, but never perfected an appeal as to the issue of character of discharge. The Board will therefore proceed considering entitlement to VA compensation and pension benefits based on the Veteran’s period of service from May 8, 2007 to May 8, 2011 that is deemed honorable for VA compensation purposes.

Service Connection

Service connection will be granted if the evidence demonstrates that current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. §§ 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) current disability; (2) in-service injury or disease; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, service connection is warranted for a disease first diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Sleep Apnea

The RO’s favorable findings, by which the Board is bound, include that the Veteran has been diagnosed with OSA.

In an October 2010 post-deployment health assessment, the Veteran reported no problems sleeping or feeling tired after sleeping.

October 2014 service treatment records reflect that the Veteran reported having trouble falling asleep, and increased sleep latency. 

October 2014 service treatment records also indicated that the Veteran reported receiving 5 to 7 hours of sleep each night, but did not feel rested when he wakes.

The Veteran’s October 2014 medical examination report upon discharge is normal with no indication that the Veteran has any sleeping issues.

A March 2017 VA examination report indicated that the Veteran had a diagnosis of OSA, and the Veteran reported an onset of insomnia in 2007 when he was stressed about his first fitness test. He reported that any stressful situation causes insomnia. He also stated that he has been snoring since active duty and feels like he awakens gasping for air, and consequently has daytime fatigue and poor concentration. The Veteran required use of continuous medication and a continuous positive airway pressure (CPAP) machine. The examiner opined that the Veteran’s OSA was at least as likely as not (at least a 50 percent probability) incurred in or caused by service noting that the Veteran had onset of sleep symptoms in 2007 which have persisted since that time, and which clinically correlate with the current sleep diagnosis and are chronic conditions.

In a June 2017 addendum, the examiner explained that sleep complaints are often generalized and nonspecific, thus it is difficult for the person with the sleep disturbance to know the reason for awakening, and often will have difficulty falling back asleep regardless of the etiology. She stated that the nonspecific sleep complaints would support insomnia and sleep apnea conditions.

A May 2019 disability benefits questionnaire (DBQ) reflected a diagnosis of OSA and the Veteran reported that in 2008 while stationed in Germany, he would wake up fatigued, and his wife at the time told him he was snoring, and would stop breathing at night. The Veteran stated that the snoring continued while he was deployed to Kuwait in 2009-2010, which annoyed his roommate. The DBQ indicated that the Veteran did not require continuous medication or a CPAP machine, but did indicate that his OSA impacted his ability to work. The examining physician opined that the Veteran’s OSA was less likely than not (less than a 50 percent probability) incurred in or caused by an inservice injury, event, or illness, finding that his inservice medical assessment did not reveal evidence of OSA, there was no history for ongoing acute or chronic treatment of OSA in his medical history report or examination upon discharge, and his medical treatment records did not reveal continuous ongoing medical treatment or aggravation of acute or chronic sleep apnea during the time from discharge to the present day.

The Veteran has reported suffering from snoring and sleep symptoms since 2007, stating that his roommate was annoyed by his snoring in 2009 to 2010, and his then wife also indicated that she noticed such symptoms. As argued by the Veteran’s attorney in a February 2018 letter, the Veteran is competent to report observable symptoms of when his insomnia first appeared. See Jandreau v. Nicholson, 492 F. 3d 1372, 1377, n.4 (Fed. Cir. 2007). There is no indication in the evidence of record that the Veteran lacks credibility, therefore his statements as to the incurrence of his snoring is afforded significant probative value. Thus, the in-service incurrence element for service connection has been satisfied. The Veteran has also attested to a continuity of sleep apnea symptomatology since service.

While the May 2019 physician opined that the Veteran’s OSA was less likely than not (less than a 50 percent probability) related to service, he primarily based his opinion on a lack of treatment for OSA in service, or ongoing treatment for OSA from the time of discharge to the present day which is an impermissible basis upon which to find that OSA is not related to service. Buchanan v. Nicholson, 451 F. 3d 1331, 1337 (Fed. Cir. 2006). The May 2019 opinion is thus afforded little probative value.

The March 2017 examiner also opined that the Veteran’s OSA at least as likely as not (at least a 50 percent probability) had its onset in service, noting that the onset of the Veteran’s sleep symptoms in 2007 clinically correlate with the current sleep diagnosis and are chronic conditions. The March 2017 examiner provided a thorough rationale based on an accurate characterization of the evidence of record, including the Veteran’s lay statements regarding symptoms in service, thus her opinion is afforded significant probative value. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its reasoning; threshold considerations are whether the person opining is suitably qualified and sufficiently informed).

For the above reasons, the evidence is at least evenly as balanced as to whether the Veteran has OSA that had its onset in service. As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to service connection for OSA is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Maddox, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.